IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID THAYER, As the Surviving Spouse of and As the Administrator of the Estate of MARY THAYER, Deceased,<br><br>                    Plaintiff,<br><br>  v.<br><br>GENERAL MOTORS CORPORATION, a foreign corporation, and GINN MOTORS COMPANY, a Georgia corporation,<br><br>                    Defendants. | 1:05-cv-1889-WSD |

## ORDER

This matter is before the Court on Plaintiff David Thayer's Motion to Remand [5].

## I.   BACKGROUND

This is an automotive product-liability action which arises from an accident involving a 2004 Chevrolet TrailBlazer (the "vehicle") driven by Plaintiff's decedent Mary Thayer. Plaintiff alleges Mrs. Thayer was traveling on Interstate 16 in Laurens County, Georgia, on July 16, 2004, when her vehicle "went out of control while on

the paved surface of the interstate, . . . traveled through the right-of-way, struck a tree, and rolled over." (Compl., attached as Ex. 1 to Pl.'s Mot. to Remand, ¶ 8.) Mrs. Thayer died as a result of the accident. (Id.)

On June 6, 2005, Plaintiff filed this action in the Superior Court of Newton County, Georgia, against Defendants General Motors Corporation ("Defendant GM") and Ginn Motors Company ("Defendant Ginn"). Plaintiff alleges Defendant GM "designed, manufactured, assembled, tested, inspected, provided with warnings and instructions, marketed, distributed, and leased or sold" the vehicle. (Compl. ¶ 4.) Plaintiff further alleges Defendant Ginn, a retail outlet of Defendant GM, "sold or leased, marketed, distributed, inspected, provided with warnings and instructions, tested, and repaired" the vehicle. (Id. ¶ 6.)

Plaintiff claims the vehicle was defective because of its (i) inadequate handling and stability characteristics, (ii) lack of electronic stability control, including GM's StabiliTrak system, (iii) inadequate occupant compartment integrity, (iv) inadequate front seat-belt system, and (v) hard interior surfaces. (Compl. ¶ 11.) Plaintiff asserts claims against Defendant GM for negligence, strict liability, failure to warn, and breach of warranty. Plaintiff also asserts claims against Defendant Ginn for negligence, (id. ¶ 17), failing to warn about the vehicle's

allegedly defective and unreasonably dangerous condition, (id. ¶ 20), and breach of warranty.  (Id. ¶ 27.)

On July 20, 2005, Defendant GM removed this case to this Court, asserting this Court has jurisdiction because there is diversity of citizenship between the only properly joined parties.  (Notice of Removal ¶ 1.)  Defendant GM contends the only non-diverse defendant, Defendant Ginn, was fraudulently joined to defeat federal jurisdiction.  (Id. ¶ 10.)  On August 8, 2005, Plaintiff filed his motion to remand, claiming that complete diversity does not exist because Defendant Ginn shares the same citizenship as Plaintiff and the Complaint states valid claims against it.

## II.   DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Where the propriety of removal is in question, the burden of showing removal is proper is on

the removing party. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendant GM claims this Court has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332 further states that "[f]or the purposes of this section . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Id. at § 1332(c)(1). "Diversity jurisdiction, as a general rule, requires complete diversity -- every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).

Complete diversity does not exist in this case. Plaintiff and Defendant Ginn are citizens of the State of Georgia. (Notice of Removal ¶¶ 7, 9.) Defendants argue removal is proper, however, because Defendant Ginn has been fraudulently joined. (Id. ¶ 10.)

A.     Fraudulent Joinder

The removing party has a "heavy" burden of proving fraudulent joinder. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. The Court must base its decision on the plaintiff's pleadings at the time of removal, but the Court may also consider affidavits submitted by the parties. Id. When determining whether the case should be remanded, the Court must evaluate the factual allegations in the light most favorable to plaintiff and must resolve any uncertainties about state substantive law in favor of plaintiff. Id. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id. (quotation and citation omitted).

> For a plaintiff to present an arguable claim against an
> in-state defendant and, therefore, to require a case
> removed to federal court to be remanded to state court,
> the plaintiff need not show that he could survive in the
> district court a motion for summary judgment filed by

> that in-state defendant. For a remand, the plaintiff's
> burden is much lighter than that: after drawing all
> reasonable inferences from the record in the plaintiff's
> favor and then resolving all contested issues of fact in
> favor of the plaintiff, there need only be a reasonable
> basis for predicting that the state law *might* impose
> liability on the facts involved.

Id. at 1541-42 (citation and quotation omitted).

Plaintiff argues that removal of this case was improper and that remand is required because Plaintiff has stated valid claims against Defendant Ginn based upon negligence, failure to warn, and breach of warranty. Plaintiff first argues that because Defendant Ginn knew, or should have known, that the vehicle was defective for lacking electronic stability control, Defendant Ginn negligently sold the defective vehicle and failed to warn Plaintiff of the dangers associated with the vehicle. Plaintiff also argues it has stated a valid claim against Defendant Ginn for breach of warranty because it has asserted personal injury and property damage claims against Defendants. Defendant GM argues Plaintiff's claims against Defendant Ginn fail because (i) a distributor or vendor, without knowledge of a product's dangerous condition, does not have a duty to inspect the manufacturer's design of the product, and (ii) Defendant Ginn disclaimed any express or implied

warranties when Plaintiff purchased the vehicle.  The Court first will address Plaintiff's claims of negligence against Defendant Ginn.

B.     Negligence

Plaintiff claims Defendant Ginn knew, or should have known, that the subject vehicle was defective for lacking electronic stability control, and was negligent when it sold the vehicle and failed to warn Plaintiff of the dangers associated with the vehicle.[1]  Specifically, Plaintiff claims Defendant Ginn negligently:  (i) failed to discover alleged defects in the car, including inadequate handling, stability and safety characteristics, which made the car unreasonably dangerous; (ii) failed to conduct an adequate inspection of the vehicle to discover its alleged defects; (iii) sold a product which lacked electronic stability control; and (iv) failed to warn Plaintiff of the alleged defects.  (Compl. ¶ 17; Pl.'s Mot. to Remand at 6.).

Defendant GM correctly notes that under Georgia law, strict liability in tort for product design defects is limited to manufacturers.  See O.C.G.A. § 51-1-11(b).  Because Defendant Ginn was not a manufacturer, the issue before the Court is whether Plaintiff can assert a valid claim of negligence against Defendant Ginn.

---

[1] There is substantial factual overlap between Plaintiff's various negligence allegations against Defendant Ginn.

Defendant GM argues that "[w]ithout some knowledge of a product's dangerous condition, the distributor or vendor need not examine the manufacturer's design of the product." (Def.'s Resp. to Pl.'s Mot. to Remand at 4.) As a general rule, this proposition absolves a seller of liability for selling a defective product. See Ream Tool Co. v. Newton, 433 S.E.2d 67, 70 (Ga. Ct. App. 1993). However, consistent with this general rule, under Georgia law, a seller can be liable if it had actual or constructive knowledge that its product created a danger to the consumer. In Bishop v. Farhat, 489 S.E.2d 323 (Ga. Ct. App. 1997), the court found a distributor of latex gloves could be liable for negligent failure to warn about latex allergies because a jury could find the distributor should have reasonably known of the danger of latex allergy. "As a distributor, [defendant] could be held liable for negligent failure to warn only if, at the time of the sale, it had actual or constructive knowledge that its product created a danger for the consumer. The seller is required to warn if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge of the danger." Bishop, 489 S.E.2d at 328 (quotation and citation omitted).

The Georgia Court of Appeals has applied this concept in a case similar to that presently before the Court. In Parks v. Hyundai Motor America, Inc., 575

-8-

S.E.2d 673 (Ga. Ct. App. 2002), the Georgia Court of Appeals noted that an automobile distributor can be liable for negligent failure to warn if it has knowledge that its vehicle presents a danger to a consumer.  In Parks, the plaintiffs alleged that the automobile distributor failed to warn them of problems and dangers in the design of its vehicle's passenger restraint system.  The court found the trial court's grant of summary judgment for the defendant automobile distributor was premature because discovery had not been completed on the issue of the distributor's knowledge of problems with the passenger restraint system prior to the sale of the vehicle.  The court found the discovery was relevant to plaintiffs' claims because "[a] product seller is required to warn if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge of the danger."  Parks, 575 S.E.2d at 675 (quotation and citation omitted).  The court noted that "[a]s a distributor, [defendant] could be held liable for negligent failure to warn only if, at the time of the sale, it had actual or constructive knowledge that its product created a danger for the consumer."  Id. (citation, quotation and emphasis omitted).

In this case, Plaintiff alleges Defendant Ginn knew other General Motors vehicles it sold were equipped with electronic stability control and that the stability

control system was an important safety feature. Plaintiff alleges the absence of this feature rendered the vehicle it sold to Plaintiff unreasonably defective and Defendant Ginn failed to warn Plaintiff of the dangers associated with the vehicle in the absence of the feature. The circumstances here may be unique. The allegation is that the Defendant dealer was aware the manufacturer had addressed stability issues by incorporating an electronic stability system in its vehicles. Defendant General Motors had incorporated its stability system in most of its models by the time of sale of the TrailBlazer at issue in this case. General Motors and its dealers had advertised its StabiliTrak system as a significant safety feature.

When the TrailBlazer was sold to Mr. Thayer, Plaintiff alleges he was not warned of any stability issues, nor was he warned that the vehicle did not have the Stabilitrak system which Defendant Ginn knew had been developed to remedy what Plaintiff alleges is a stability design defect. While limited, the authority that is available to the Court leads it to believe Georgia courts might well allow the negligent failure to warn the claim advanced here. That the claim might exist compels this Court to find that joinder of Defendant Ginn was not fraudulent for purposes of evaluating whether federal diversity jurisdiction exists.

The cases cited by Defendant GM do not compel a different conclusion. (See Def.'s Resp. to Pl.'s Mot. to Remand at 4-6.)  These cases were decided at summary judgment and expressly note a lack of evidence in the record that the seller was aware of, or reasonably should have been aware of, the alleged defect. See Ryals v. Billy Poppell, Inc., 386 S.E.2d 513, 515 (Ga. Ct. App. 1989) (finding seller of the allegedly defective vehicle entitled to summary judgment on plaintiffs' negligence claim; "there was no evidence that there was anything which would have reasonably tended to call [the dealer]'s attention to any alleged defects in the car . . ."); Bennett v. Matt Gay Chevrolet Oldsmobile, Inc., 408 S.E.2d 111, 114 (Ga. Ct. App. 1991) (same); Ream Tool Co. v. Newton, 433 S.E.2d 67, 70 (Ga. Ct. App. 1993) (finding summary judgment for seller appropriate because seller sold the product "without knowledge of [the product's] alleged dangerous quality and with nothing tending reasonably to call [its] attention thereto . . ."); Hester v. Humana, 439 S.E.2d 50, 53 (Ga. Ct. App. 1993) (same); Gilbreath v. Nissan Motor Corp., U.S.A., No. 4:96-cv-0335-HLM (N.D. Ga. May 5, 1999) (granting summary judgment to defendant on negligent distribution and failure to warn claims because no dispute of fact exists with respect to defendant's actual or constructive knowledge of the alleged defect in the vehicle's seatbelt assembly).  In deciding a

motion to remand, the Court conducts a more superficial inquiry than that performed at summary judgment.  See Crowe, 113 F.3d at 1541-42 ("For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant.").  Here, the Court's inquiry is limited to determining whether there is any possibility that a Georgia court could find Defendant Ginn liable under a theory of negligence.  The Court emphasizes that it expresses no opinion on the merits of Plaintiff's claims.  Instead, the Court finds that construing the facts and any ambiguities in the law in favor of Plaintiff, Plaintiff may state a valid negligence claim against Defendant Ginn,[2] and  Defendant GM has failed to carry the heavy burden of showing Defendant Ginn is fraudulently joined.[3]

### III.   CONCLUSION

For the foregoing reasons,

---

[2]  In this case, there is no evidence at this stage of the proceeding that the danger presented by the vehicle was open and obvious, or that Plaintiffs were aware of the risk of harm posed by the vehicle's alleged defects.

[3]  Because the Court finds Plaintiff may assert a negligence cause of action against the resident Defendant, the Court does not address Plaintiff's other theories of recovery against it.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [5] is **GRANTED** and this case is **REMANDED** to the Superior Court of Newton County, Georgia.

**SO ORDERED**, this 14th day of December, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE